UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MISTER DONAHUE (#86818)

VERSUS                                                CIVIL ACTION

N. BURL CAIN, ET AL                                   NUMBER 14-40-BAJ-SCR


**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, July 3, 2014.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MISTER DONAHUE (#86818)

VERSUS                                            CIVIL ACTION

N. BURL CAIN, ET AL                               NUMBER 14-40-BAJ-SCR

## MAGISTRATE JUDGE'S REPORT

A hearing was held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether all or any part of the plaintiff's complaint should be dismissed as frivolous.

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Asst. Warden Troy Poret, Asst. Warden Donnie Barr, Col. Randell Robinson, Maj. Paul Smith, Capt. Wheeler, Charlene Samuel, Dr. Jason Collins, and Legal Programs Director Trish Foster. Plaintiff alleged that a random drug test was not properly supervised, a chain-of-custody protocol of drug test samples was not followed, and he was not provided a copy of the tests results, all in violation of his due process rights.

Specifically, the plaintiff alleged that on May 2, 2013, Asst. Warden Poret ordered that a random drug test be conducted on all inmates confined in Camp F. Plaintiff alleged that each dormitory was tested separately. Plaintiff alleged that the inmates in his

dormitory stood in a single line and were issued a Toc cup to be used for a urine sample. Plaintiff alleged that each inmate placed his urine sample next to his identification card on a table and then exited the dormitory.

Plaintiff alleged that the urine test was conducted outside of his presence and he was later informed that the test result was positive for cannabinoid. Plaintiff alleged that Capt. Wheeler took his urine sample to another location, also outside of his presence, and conducted a second test on the sample. Plaintiff alleged that the result of the second test was also positive for cannabinoid. Plaintiff alleged that after his test results were found to be positive for cannabinoid, Asst. Warden Poret ordered that he be placed in administrative lockdown and had his prison account temporarily closed.

Plaintiff alleged that on May 3, 2013, Samuel attempted to draw a blood sample from the plaintiff but was unsuccessful. Plaintiff alleged that Dr. Collins was called and obtained a blood sample and the sample was sent to a laboratory to be screen for cannabinoid. Plaintiff alleged that he did not receive a duplicate copy of the test result as is required by state law.

Plaintiff alleged that on May 13, 2013, Asst. Warden Barr ordered that the plaintiff's hobby craft tools be removed from the maintenance carpentry shop and that the tools be sent to the package room. Plaintiff alleged that package room personnel

notified him that he had 30 days to send the property home or it would be disposed.

Plaintiff alleged that he lost his trustee status, he was assigned to work on a farm line, he lost his canteen privileges for 30 days, and he lost his visitation and hobby craft privileges.

Plaintiff alleged that on May 21, 2013, Foster rejected a grievance he filed through the Administrative Remedy Procedure ("ARP").

At the *Spears* hearing, the plaintiff provided additional, significant details about the events described in his complaint. Plaintiff acknowledged that he was issued a disciplinary rule violation report for contraband after his urine sample, obtained during the random drug screening, tested positive for drugs. Plaintiff stated that he appeared before a disciplinary board on the contraband charge and entered a guilty plea. Plaintiff explained that he entered the guilty plea to receive a more lenient sentence. Plaintiff stated he believed that if he entered a plea of not guilty to the rule violation charge and was subsequently found guilty by the disciplinary board he would be sentenced to Camp J, a maximum security housing unit with very limited privileges. Plaintiff stated that as a result of his guilty plea, he was sentenced to a medium security farm line where he could have personal access to the law library and could otherwise move about, which are privileges that are not available to inmates confined to

3

Camp J.  Plaintiff stated that his trustee status was reinstated and his visitation privileges were restored in December 2013.

Plaintiff conceded that he had the opportunity to challenge the disciplinary charge at a disciplinary board hearing, but that he chose not to do so in order to obtain a lesser penalty and avoid the risk of being sent to Camp J.  Plaintiff also conceded that he did not appeal the disciplinary board conviction and sentence.  Plaintiff asserted that he did not understand how Legal Programs Director Foster construed his ARP as being related to a disciplinary matter and rejected it on that basis.

**Applicable Law and Analysis**

**A. Frivolous Standard**

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th

Cir. 1992). Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**A. Due Process**

First, the plaintiff alleged that his due process rights were violated when he was immediately placed in administrative lockdown after his urine tested positive for cannabinoids. However, an inmate may be placed in administrative lockdown pending completion of an investigation into misconduct charges against him. *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864 (1983).

Second, the plaintiff complained that his due process rights were violated as a result of the random drug test conducted on May 2, 2013. Prisoners can be subjected to random drug tests. *See, Bell v. Wolfish*, 441 U.S. 520,545, 99 S.Ct. 1861, 1877 (1979).

Third, the plaintiff cannot establish a due process violation as a result of his guilty plea to contraband charges because the plaintiff's sentence to medium security and the loss of certain privileges did not implicate a protected liberty interest.[1] In *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293 (1995), the Supreme Court held that the Due Process Clause itself does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S.

---

[1] Plaintiff confirmed that he lost no good time as a result of the disciplinary rule violation conviction.

539, 94 S.Ct. 2963 (1974). The Court further held that only those restrictions which impose "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life" will invoke the prospect of state-created liberty interests. While *Sandin* made it clear that punishments which impact upon the duration of confinement,[2] or which exceed the sentence in an unexpected manner,[3] may give rise to protection by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. Thus, the plaintiff's sentence to medium security and the temporary loss of certain privileges did not infringe upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment.

**B. Respondeat Superior**

Plaintiff named Warden Cain as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of

---

[2] *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974); *Board of Pardons v. Allen*, 482 U.S. 369, 107 S.Ct. 2415 (1987).

[3] *See, e.g., Vitek v. Jones*, 445 U.S. 480, 493, 100 S.Ct. 1254, 1263-64 (1980) (transfer to mental hospital); *Washington v. Harper*, 494 U.S. 210, 221-222, 110 S.Ct. 1028, 1036-1037 (1990) (involuntary administration of psychotropic drugs).

constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain is responsible for the actions of his subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

### C. Conspiracy

Plaintiff alleged that the defendants conspired to deny him due process.

To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act. *Arseneaux v. Roberts*, 726 F.2d 1022 (5th Cir. 1982). The conspiracy allegations made by the plaintiff are conclusory, and more than a blanket of accusation is necessary to support a § 1983 claim. *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820 (1984); *Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987); *Arseneaux v. Roberts, supra*.

### D. ARP Rejected

Plaintiff alleged that after he entered a guilty plea to the contraband disciplinary charge, he filed an ARP. Plaintiff complained that Legal Programs Director Foster rejected the ARP on ground that it was related to a disciplinary matter and must be

7

addressed through the disciplinary appeal process.

The Administrative Remedy Procedure does not itself establish any federal right; it is a mechanism for resolving disputes at the institutional level. Foster's rejection the plaintiff's ARP was not a violation of his constitutional rights.

**E. Failure to Follow Prison Procedures**

Plaintiff alleged that Asst. Warden Barr failed to follow prison procedure when he notified the plaintiff to either send his hobby craft tools home within 30 days or his property would be disposed of.

Any failure by Asst. Warden Barr to follow prison procedures is not of itself actionable under § 1983. *Kandl v. Clayton*, ___ Fed. Appx. ___, 2014 WL 1259628 (5th Cir. March 28, 2014); *Estes v. NFN Camargo,* 491 Fed. Appx. 474 (5th Cir. 2012); *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989).

<u>**RECOMMENDATION**</u>

It is the recommendation of the magistrate judge that the plaintiff's claims against all defendants be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim the plaintiff could assert against any defendant consistent with the facts

alleged in his complaint as amended at the *Spears* hearing.[4]

Baton Rouge, Louisiana, July 3, 2014.

                        /s/ Stephen C. Riedlinger
                        STEPHEN C. RIEDLINGER
                        UNITED STATES MAGISTRATE JUDGE

---

[4] *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)("The principal vehicles which have evolved for remedying inadequacy in prisoner pleadings are the *Spears* hearing and a questionnaire to 'bring into focus the factual and legal bases of prisoners' claims.'"